IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUBIN CRAIN, IV (TDCJ No. 1987012), Petitioner, V. LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. | § § § § § § § § § § § § | No. 3:19-cv-1912-K-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Rubin Crain, IV, a Texas prisoner, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254, again attacking, on constitutional grounds, his 2012 Dallas County conviction for burglary of a building (other than a habitation). *See* Dkt. No. 3.

This resulting action was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

Because the habeas application is an unauthorized successive petition, the Court is without jurisdiction to consider it. The undersigned therefore enters these findings of fact, conclusions of law, and recommendation that, given Crain's multiple past challenges to this conviction, the Court should dismiss this action without prejudice to his right to seek authorization from the United States Court of Appeals for the Fifth Circuit to file a successive habeas application.

## Applicable Background

Crain currently is incarcerated pursuant to a 2012 conviction for burglary of a building (other than a habitation), for which he was sentenced to a term of ten years. *See State v. Crain*, F12-54318-Y (Crim. Dist. Court No. 7, Dallas Cnty., Tex.), *aff'd Crain v. State*, No. 05-12-01219-CR, 2014 WL 357398 (Tex. App. – Dallas Jan. 31, 2014, pet ref'd). The facts underlying Crain's conviction and sentence as summarized by the Dallas Court of Appeals are that:

> Crain was arrested after he was found inside the maintenance building on the grounds of a church. According to the arresting officer, copper pipes that had been cut and removed from water and gas lines were on the ground in the location where Crain was arrested. The church deacon, who discovered the break-in, testified at trial that the sliding door to the building had been "pried open" about two feet and the middle of the door "was caved in."
>
> Following his conviction, Crain pleaded true to two felony enhancement paragraphs. The jury found the enhancement allegations true and assessed a ten-year sentence.

*Crain*, 2014 WL 357398, at *1.

*Crain v. Davis*, No. 3:15-cv-2476-M-BN, 2016 WL 4385826, at *1 (N.D. Tex. July 14, 2016), *rec. accepted*, 2016 WL 4399316 (N.D. Tex. Aug. 17, 2016) (denying habeas relief), *appeal dismissed*, No. 16-11608, 2017 WL 7542547 (5th Cir. Mar. 29, 2017) (per curiam) ("*Crain I*").

As pointed out in *Crain I*, prior to filing his Section 2254 petition, Crain "filed numerous postconviction actions in state court concerning [this] criminal judgment," *id.*, and he since has continued to pursue successive habeas relief at the federal level, *see Crain v. Davis*, No. 3:16-cv-3382-B-BH (N.D. Tex. Jan. 3, 2018) (transferring successive petition to the Fifth Circuit); *Crain v. Director, TDCJ-CID*, No. 6:16cv01150, 2017 WL 3300571 (E.D. Tex. July 13, 2017), *rec. adopted*, 2017 WL 3283420 (E.D. Tex.

Aug. 1, 2017) (dismissing successive petition for lack of subject matter jurisdiction).

## Legal Standards and Analysis

28 U.S.C. § 2244

> lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Crain's current claims are an attack on his underlying burglary conviction – and, more to the point, allege defects in that conviction that "existed ... at the time of the prior petition ... even if the legal basis for the [current] attack was not" known to him when he filed the initial habeas petition. *Id.* at 222.

He is therefore currently attempting to present claims that are successive. *See id.* at 221 ("Leal's view of [*In re Cain*, 137 F.3d 234 (5th Cir. 1998),] would permit petitioners filing later habeas petitions to assert that, because the evidence was not previously discovered or discoverable, the claim was unavailable; therefore, the later

petition is non-successive. Again, AEDPA forbids such a reading: Section 2244(b)(2)(B)(i) states that claims based on a *factual* predicate not previously discoverable are successive.").[1]

Crain's failure to obtain authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(3) deprives the Court of jurisdiction to consider the current habeas application. *See, e.g., Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)). And, given Crain's history of filing petitions aimed at this conviction, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance." *United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003), *rec. adopted*, 3:03-cv-1524-D, Dkt. No. 7 (N.D. Tex. July 28, 2003).

**Recommendation**

The Court should dismiss Petitioner Rubin Crain, IV's *pro se* application for writ

---

[1] *See also Ramos v. Davis*, 653 F. App'x 359, 364 (5th Cir. 2016) (per curiam) ("Where a petitioner seeks 'to add a new ground for relief' that was or could have been raised in an earlier federal habeas application" – including a claim of actual innocence – a court "must treat it as a second or successive habeas petition." (quoting *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010) (citing, in turn, *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)))); *Blackman v. Stephens*, No. 3:13-cv-2073-P-BN, 2015 WL 694953, at *6 (N.D. Tex. Feb. 18, 2015) ("Petitioner's claims raised in her third federal habeas application attack purported defects that existed or claims that were ripe at the time of the prior applications even though Petitioner claims that the evidence to support and identify those claims was not previously discovered or discoverable." (citing *Leal Garcia*, 573 F.3d at 221-22)).

of habeas corpus under 28 U.S.C. § 2254 without prejudice to his right to file, under 28 U.S.C. § 2244(b)(3), a motion for authorization to file a successive Section 2254 application in the United States Court of Appeals for the Fifth Circuit.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 22, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE